FILED

AUG - 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS CASTILLO (3),<br>Defendant. | Criminal Case No. 08-MJ-2284-JMA<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on July 31, 2008, to determine whether defendant Jesus Castillo (the "Defendant") should be held in custody pending trial on the grounds that Defendant is a flight risk. Assistant U.S. Attorney Matthew J. Gardner appeared on behalf of the United States; attorney Jason Ser, Esq., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and Defendant, the pretrial services report, and the complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

///

///

I.

## FINDINGS OF FACT

**A. Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1. Defendant is charged in a complaint with one count of importation of a controlled substance in violation of 18 U.S.C. §§ 952 and 960.

2. If convicted of this charge, the Defendant faces a minimum mandatory sentence of 5 years imprisonment. Additionally, under § 3142(e) a presumption exists in favor of detention.

**B. Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

1. On July 26, 2008, Defendant was encountered by the United States Coast Guard in United States waters while in a 25 foot fishing boat that contained 482.80 kilograms of marijuana.

3. While admittedly the least important factor, the Court finds that probable cause exists that the defendant committed the instant offense and that this factor weighs in favor of detention.

**C. History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1. Due to the lack of evidence with regard to Defendant's character, this factor is treated as neutral by the Court;

2. Due to the lack of evidence with regard to Defendant's physical and mental condition, this factor is treated as neutral by the Court;

3. Because most of Defendant's family ties are in Mexico, this factor weighs in favor of detention;

4. Because Defendant was employed in Mexico, this factor weighs in favor of detention;

5. Because Defendant has no financial ties to the community, this factor weighs in favor of detention;

6. Because Defendant is a citizen of Mexico, the length of residence in the community factor weighs in favor of detention;

7. Defendant's community ties and past conduct are viewed as neutral and/or duplicative by the Court;

8. Because there is no evidence that Defendant has a problem with drug or alcohol abuse, this factor weighs in favor of setting bail;

9. Because Defendant does not have any criminal history in the United States, this factor weighs in favor of setting bail;

**II.**

**REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense charged in the Criminal Complaint, namely, importation of a controlled substance, in violation of 18 U.S.C. §§ 952 and 960.

B. Defendant potentially faces a substantial period of time in custody if convicted of the offense charged in the Complaint; specifically, he faces a mandatory minimum sentence of 5 years' imprisonment. He therefore has a strong motive to flee.

C. Based upon the Court's finding, there is probable cause to believe that Defendant committed an offense for which a mandatory minimum term of imprisonment of 5 years is prescribed, and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings. The Government has carried its burden of establishing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant, as required.

**III.**

**ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 8/4/08

The Honorable Jan M. Adler
United States Magistrate Judge

Prepared by:

s/Matthew J. Gardner
Matthew J. Gardner
Assistant U.S. Attorney