KAREN P. HEWITT
United States Attorney
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney
California State Bar No. 166022
880 Front Street, Suite 6293
San Diego, California 92101-8893
Telephone: (619) 557-7843
Christopher.Tenorio@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS CASTILLO (3),<br><br>Defendant. | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br>**1) PRESERVE AND INSPECT EVIDENCE;**<br>**2) COMPEL DISCOVERY;**<br>**3) DISMISS INDICTMENT DUE TO MISINSTRUCTION OF GRAND JURY;**<br>**4) PRODUCTION OF THE TRANSCRIPT FOR THE JUNE 2008 GRAND JURY'S IMPANELMENT; AND,**<br>**5) GRANT LEAVE TO FILE FURTHER MOTIONS.**<br><br>CASE NO. 08CR2590-JLS<br>JUDGE: HON. JANIS L. SAMMARTINO<br>COURT: COURTROOM 6<br>DATE: SEPTEMBER 5, 2008<br>TIME: 1:30 p.m.<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher P. Tenorio, Assistant United States Attorney, and hereby files its response in opposition to Defendant's above-referenced motions. Said response is based upon the files and records of the case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

# I.

## STATEMENT OF FACTS

On July 26, 2008, at approximately 3:25 a.m., while onboard a Customs and Border Protection (CBP) vessel, Border Patrol Agent (BPA) Clinton Engledow, and Marine Interdiction Agents (MIA) Jesse Wozniak and Peter Frith, received information from a United States Coast Guard helicopter unit via radio that an unmarked vessel was hovering near La Jolla without displaying lights. The CBP crew responded and, from approximately 50 yards away, encountered a Panga vessel with one visible occupant.

Upon shining a light on the Panga, the driver of the vessel, subsequently identified as Defendant Jose Avilez, sped away in an attempt to flee. Avilez maneuvered the vessel erratically. The CBP crew followed. MIA Wozniak fired a warning shot. MIA Wozniak next fired two shots into the Panga's engine, disabling the vessel.

Upon approaching the Panga vessel, MIA Firth noted Avilez and two additional occupants, subsequently identified as Defendants Jesus Castillo and Roberto Guzman. MIA Wozniak obtained negative customs declarations from the defendants and determined they were Mexican nationals.

Prior to boarding the defendants' vessel, several large bundles partially covered by a nylon tarp were visible. The contents of the bundles were subsequently tested and provided positive indications of marijuana. A total of 232 packages were seized, weighing approximately 482.8 kilograms.

The CBP crew took the defendants into custody and transported them in their vessel to the Marine Corp Recruiting Depot. At approximately 5:00 a.m., CBP Special Agent Raj Malhotra responded to

the scene and, with BPA Juan Davila and Drug Enforcement Agency (DEA) Special Agent Vince Rice, took custody of the defendants and transported them to the San Ysidro Port of Entry.

At approximately 9:20 a.m., SA Malhotra and BPA Davila advised Defendant Guzman of his Miranda Rights in Spanish. Guzman stated he understood his rights and was willing to answer questions. Guzman also signed a waiver of rights form. Guzman explained that he was unaware of the presence of the marijuana when he first boarded the vessel. Guzman stated he believed he was to be paid $50 to pick up and deliver various “goods” to fishermen within Mexico. Once on board, Guzman noted the packages under the tarp and realized that he was involved in a smuggling operation.

At approximately 10:00 a.m., SA John Chakwin and Chula Vista Police Task Force Officer Matt Hardesty advised Defendant Avilez of his Miranda Rights in Spanish. Avilez stated he understood his rights and was willing to answer questions. Avilez also signed a waiver of rights form. Avilez admitted knowing the marijuana was onboard the vessel. He explained that he was recruited by an unknown individual in Mexico two days prior. Avilez claimed the unknown individual threatened to kill Avilez’s daughter if he did not cooperate. Avilez further explained that the unknown individual took him to the Coronado islands where Avilez met Guzman and Castillo and was provided instructions and tools to smuggle. Avilez was provided with a direct-connect mobile telephone and an instrument that provided directions. Avilez was specifically told that the vessel contained marijuana and could smell the marijuana once onboard. He was told he would meet someone on shore at a beach after traveling for two hours, using the directional instrument. Pursuant to further instructions, Avilez

discarded the telephone and directional instrument in the water prior to arrest.

Defendant Castillo was incoherent and admitted at Alvarado Hospital. No statement was obtained.

**II.**

**PRESERVE AND INSPECT EVIDENCE**

The Government does not object in principle to Defendant's motion to preserve evidence to the extent it covers evidence within the Government's possession and discoverable pursuant to Federal Rule of Criminal Procedure 16. Although the existence of recorded dispatch communications has not yet been determined, the Government reserves the right to argue that any existing recordings are not discoverable.

**III.**

**THE GOVERNMENT WILL PROVIDE DISCOVERY AS PROVIDED HEREIN**

Except as described below, the Court should deny Defendant's discovery requests.

**1. Rule 16(a)(1)(A): Defendant's Statements**

The Government has disclosed all known written and statements of the Defendant and the substance of oral statements made by the Defendant in response to questions by government agents in this case.

**2. Documents, Arrest Reports, and Tangible Evidence**

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as

evidence-in-chief at trial or were obtained from or belong to the Defendant.

**3. Rule 16, and Brady: For Exculpatory Evidence**

The Government is well aware of, and will fully perform, its duty under, Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Accordingly, the Government will disclose exculpatory evidence within its possession that is material to the issue of guilt. Defendant is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the Government's case. As the Ninth Circuit Court of Appeals stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-75 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government is not required to create non-existent exculpatory material); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).

**4. Rule 16, and Brady: For Sentencing**

The Government is also well aware of, and will fully perform, its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) regarding evidence pertaining to punishment. Accordingly, and consistent with its position stated above, the Government will disclose exculpatory evidence within its possession that is material to the issue of punishment.

**5. Rule 16(a)(1)(A), (B), and (C): Prior Record**

The Government has already provided Defendant with arrest reports, judgment and conviction documents for prior offenses and other evidence of prior bad acts pursuant to Rules 16(a)(1)(A), (B) and (C).

**6. Rule 16(a)(1)(C) and Fed. R. Evid. 404(b): Prior Arrests, Convictions Or Bad Acts**

The Government reserves the right to introduce such prior bad acts, and will address such evidence and its intentions in motions in limine to be filed separately according to the Court's scheduling orders.

**7. Rule 16(a)(1)(C): Evidence Seized**

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the Defendant.

**8. *Henthorn* Material**

Pursuant to United States v. Henthorn, 831 F.2d 29, 30 (9th Cir. 1991), the Government will comply with its responsibilities to review the personnel files of its agents who may serve as witnesses; and the Government will disclose any impeachment information regarding criminal investigations. The Government is presently unaware of any criminal involvement by any prospective government witness, or that

any prospective government witness is under investigation. The Government objects to Defendant's request that the Assistant United States Attorney personally review all personnel files of prospective witnesses.

**9. Expert Witnesses**

The Government will meet obligations pursuant to Fed. R. Crim. P. 16(a)(1)(E) to disclose information regarding expert witnesses. The Government anticipates presenting testimony of a fingerprint examination expert witness who will identify Defendant's fingerprints on documents from his A-file. The Government will produce details regarding the nature of the expert's testimony, and the qualifications of the expert when a trial date is scheduled and any expert is obtained.

**10. Impeachment Evidence**

The Government is unaware of any impeachment evidence of a prospective government witness is biased or prejudiced against Defendant. The Government is aware of, and will comply with, its obligations regarding impeachment evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

**11. Evidence of Criminal Investigations of Witnesses**

The Government is currently unaware of any pending criminal investigations against a prospective government witness is biased or prejudiced against Defendant. The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and provide such evidence if and when it becomes known.

//

//

**12. Evidence of Bias, Motive to Lie of Government Witnesses**

The Government is unaware of any evidence indicating that a prospective government witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony. The Government is aware of, and will comply with, its obligations to provide such evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976)

**13. Evidence of Criminal Investigation of Witnesses**

The Government is unaware of any evidence indicating that a prospective government witness is currently under criminal investigation by the Government.

**14. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

As addressed above, the Government is unaware of any evidence affecting the perception, recollection, ability to communicate, or veracity of any prospective Government witness. The Government will provide such evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), if and when it comes to light.

**15. The Government Is Unaware of Favorable Defense Witnesses**

The Government is unaware of any witness who made a favorable statement concerning the Defendant, or of any statement that may be favorable to Defendant's defense, which have not already been provided in discovery.

//

//

**16. Jencks Act**

Consistent with the Jencks Act, 18 U.S.C. § 3500, the Defendant is not entitled to disclosure of witness statements prior to the witness testifying on direct examination at trial. The Government must produce these statements only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981). Indeed, even material believed to be exculpatory and, therefore, subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

The Government reserves the right to withhold the statements of any particular witnesses until after they testify. However, notwithstanding any statements the Government deems necessary to withhold, the Government will disclose witness statements prior to trial in as timely a manner as practicable, provided defense counsel has complied with his obligations under Rules 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure, and provided that defense counsel submitted all reciprocal discovery and "reverse Jencks" statements.

The Government will comply with its Rule 26.2 obligation to produce for the Defendant's examination statements of witnesses in the Government's possession after, or shortly before, such witnesses testify on direct examination. The Government objects to the Defendant's request that such statements be produced at this time. Similarly, if Rule 12(i) becomes relevant pursuant to suppression proceedings, the Government will comply with obligations to produce

statements in accordance with Rule 26.1.

**17. The Government Will Comply With *Giglio***

The Government has not made any promises, express or implied, to any government witnesses in exchange for their testimony in this case. Therefore, the Government is currently unaware of any discoverable impeachment information pursuant to Giglio v. United States, 405 U.S. 150 (1972).

**18. Agreements Between the Government and Witnesses**

Consistent with its obligations pursuant to Giglio, stated above, the Government will provide any agreements with witnesses. To date, however, none exist.

**19. Informants and Cooperating Witnesses**

Consistent with its acknowledged obligation to provide discovery of prospective witnesses' statements, the Government would provide the requested evidence. To date, however, the Government has not employed any informants or cooperating witnesses in the present case.

**IV.**

**DEFENDANT DOES NO SUPPORT ARGUMENT THAT GRAND JURY WAS MISINSTRUCTED AND PRODUCTION OF TRANSCRIPTS IS NOT REQUIRED**

Defendant moves generally to dismiss the indictment due to misinstruction of the grand jury. His arguments, however, have been rejected in United States v. Marcucci, 299 F.3d 1156 (9th Cir. 2002) (per curiam), cert. denied, 538 U.S. 934 (2003) and United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 2005) (en banc). Defendant provides an insufficient basis for this court to disregard standing precedent.

Defendant nonetheless requests this court order the production of grand jury transcripts so that he may explore issues for his

appellate record. Defendant also provides insufficient legal and factual support for his request.

The Government must produce the grand jury transcripts of a witness after the witness testifies on direct examination at trial or a relevant court proceeding. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986). Alternatively, the district court should only order disclosure of grand jury transcripts "when the party seeking them has demonstrated that a particularized need exists . . . which outweighs the policy of secrecy." United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).

Defendant has no basis to believe any violation has occurred and must, therefore, be precluded from engaging in a "fishing expedition." See United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978) (holding that desire to engage in "fishing expedition" does not constitute required "particularized need" to produce grand jury transcripts). Similar to the defendant in Walczak, Defendant's allegations are "speculative" as he has alleged no facts to support his suspicion that grand jury transcripts would provide the evidence he seeks. See Walczak, 783 F.2d at 857. Without more, this court should deny Defendant's request for any discovery until it is otherwise discoverable as Jencks material.

## V

## **THIS COURT SHOULD CONDITIONALLY GRANT LEAVE TO FILE FURTHER MOTIONS**

Although the Government does not oppose in principle Defendant's request to file further motions, the Government would oppose the filing of any further substantive motions that would not be entertained by the court until the time set aside for motions in limine. If the defendant foresees the need to file further

substantive motions, the Government respectfully requests that the defendant request, and the Court set, a separate date for an additional motion hearing, and that any motions in limine and trial not be set until the conclusion of such hearing.

## VI

## CONCLUSION

Based on the foregoing, the Court should deny Defendant's motions except where otherwise noted regarding his requests for discovery and leave to file further motions.

DATED: September 2, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Christopher P. Tenorio
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS CASTILLO (3),<br>Defendant. | **CERTIFICATE OF SERVICE**<br>CASE NO. 08CR2590-JLS<br>JUDGE: HON. JANIS L. SAMMARTINO<br>COURT: COURTROOM 6 |

IT IS HEREBY CERTIFIED that:

I, CHRISTOPHER P. TENORIO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS** on **Jason I. Ser, Esq.** by electronically filing the foregoing with the Clerk of the District Court using its ECF System.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2008

Respectfully submitted,

s/Christopher P. Tenorio
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney